IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| ROBERT SHARP,<br>on behalf of himself<br>and on behalf of all<br>others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TECHNICOLOR VIDEOCASSETTE OF<br>MICHIGAN, INC., and STAFFING<br>SOLUTIONS SOUTHEAST, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:18-cv-02325-cgc<br><br><br>JURY DEMAND |

---

ORDER DENYING DEFENDANT STAFFING SOLUTIONS SOUTHEAST, INC.'S MOTION
TO DISMISS

---

Before the Court is the September 10, 2017 motion of Staffing Solutions Southeast, Inc. ("Staffing Solutions") to dismiss Count 3 of the plaintiff's Third Amended Complaint. (Def. Mot., ECF No. 61.) The plaintiff, Robert Sharp, filed a timely response in opposition to Staffing Solutions's motion, (ECF No. 65), to which Staffing Solutions did not reply. The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 45.) For the reasons set forth below, Staffing Solutions's motion to dismiss is denied.

I.      BACKGROUND

After Sharp had worked for Technicolor and Staffing Solutions for six years, (Third Am. Compl. ¶ 34, ECF No. 50), Technicolor offered Sharp full time employment, subject to a background check, (*Id.* at ¶ 35). Prior to running the background check, Technicolor required

Sharp to complete a form titled "Applicant Release – Authorization for Background Screening Form" ("Applicant Release"). (*Id.* at ¶ 36.) Upon receipt of the background check, Sharp's full time employment offer was retracted and he was terminated from his existing position. (*Id.* at ¶ 40.)

On March 15, 2018, Robert Sharp filed a state court class action, *Sharp v. Technicolor USA, Inc.,* No. 18C661, against Technicolor Videocassette of Michigan, Inc. ("Technicolor") and Manpowers US, Inc. in Davidson County Circuit Court pursuant to the Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. § 1681, *et seq.* (Notice of Removal 5, ECF No. 1-1.) On April 12, 2018, Sharp amended his complaint to name Pro Logistics, LLC instead of Manpowers US, Inc. (Notice of Removal 55, ECF No. 1-1). On April 18, 2018, Technicolor filed a notice of removal from Davidson County Circuit Court to the United States District Court for the Middle District of Tennessee, (Notice of Removal, ECF No. 1.), which resulted in the parties agreeing to transfer the case to the United States District Court for the Western District of Tennessee, (ECF No. 9). On June 12, 2018, Sharp was able to identify the staffing agency Technicolor used in its hiring process as Staffing Solutions, who remains a named party in this suit. (Pl.'s Second Am. Compl., ECF No. 18.)

On August 13, 2018, Sharp filed a Third Amended Complaint. (ECF No. 50.) In his Third Amended Complaint, Sharp alleges that Staffing Solutions obtained a consumer report on Sharp's background in violation of the FCRA. (TAC ¶¶ 50, 79, 82, ECF No. 50.) Specifically, Sharp asserts that Staffing Solutions failed to provide him with a pre-adverse action notice, a copy of his consumer report, or a summary of his rights under the FCRA prior to terminating Sharp from his employment position. (*Id.* at ¶ 50.) In its motion to dismiss, Staffing Solutions

argues that under the Supreme Court's decision *Spokeo, Inc. v. Robins*, Sharp lacks standing to pursue these claims against Staffing Solutions because his claims do not assert a concrete injury. 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016). For the reasons that follow, Staffing Solutions's motion is denied.

## II.     ANALYSIS

A. Standard of Review

Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007). "When Article III standing is at issue, the plaintiff must allege facts sufficient to establish the requisite individualized harm." *Griffin v. Bank of Am., N.A.*, 226 F. Supp. 3d 899, 901 (N.D. Ohio 2016)(citing *Keener v. Nat'l Nurses Org. Comm.*, 615 F. App'x 246, 251 (6th Cir. 2015)). Specifically, to establish standing a plaintiff must allege (1) a concrete and particularized injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that a favorable decision will redress the injury. *Lujan* 504 U.S. at 560–61. If a plaintiff cannot establish the requirements for standing, the court must dismiss the claim. *Patel v. Hughes*, No. 3:13-0701, 2014 WL 4655285, at *4 (M.D. Tenn. Sept. 16, 2014). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

In *Spokeo, Inc. v. Robins*, the Supreme Court addressed the standing requirements for a plaintiff seeking relief based on a statutory violation. 136 S. Ct. 1540, 1548 (2016), *as revised*

3

(May 24, 2016). Specifically, the Court noted that "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). Although "a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it," the Court explained that "[t]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress." *Id.* at 1543–44 (citing *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20–25 (1998))(emphasis in original).

B. Establishing a "Concrete Injury" Under the FCRA

"The FCRA, 15 U.S.C. § 1681 et seq., . . . is designed to protect consumers from inaccurate information in consumer reports by establishing credit reporting procedures which 'utilize correct, relevant and up-to-date information in a confidential and responsible manner.'" *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 843–44 (6th Cir. 2004)(quoting *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998)). "The FCRA imposes distinct obligations on three types of entities: (1) consumer reporting agencies[;] (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Id.* at 844 (citing *Carney v. Experian Info. Solutions*, Inc., 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999)). Sharp purports to hold Technicolor liable as a user of consumer reports. (Third Am. Compl., ECF 50.)

Staffing Solutions contends that Sharp lacks standing because Sharp is merely asserting a procedural violation under 15 U.S.C. § 1681b(3)(A). (Def. Staffing Solutions Mot. 5, ECF No. 61.) Under the § 1681b(3)(A), when an employer obtains a consumer report for employment

4

purposes, "before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under [the FCRA]." 15 U.S.C. § 1681b(3)(A). In response to Staffing Solutions' motion to dismiss, Sharp alleges in a footnote that the consumer report obtained and used to make the employment-termination decision contained inaccurate information. (Pl.'s Response 1 n.1, ECF No. 78.) Further, Sharp alleges that Staffing Solutions' failure to provide Sharp with a copy of the report prevented Sharp from correcting this inaccuracy prior to adverse action being taken against him and prevented Sharp from alleging facts related to the report's inaccuracy prior to filing the Third Amended Complaint. (*Id.*)

When ruling on a motion to dismiss, the court may not consider matters outside of the pleadings. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997); *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989). Specifically, the court may not consider factual allegations contained in the plaintiff's response to the motion to dismiss. *Smith v. Winkle*, No. 2:13-CV-784, 2014 WL 1796063, at *1 n.3 (S.D. Ohio May 6, 2014); *Corsetti v. Hackel*, No. 10-12823, 2013 WL 2372284, at *19 (E.D. Mich. May 28, 2013)("Thus, because plaintiff's newly-raised 'name' allegations are not found in the Complaint, the undersigned may not consider those allegations in ruling on defendants' motion to dismiss."). Therefore, the court declines to take into consideration the allegations Sharp makes in the footnote of his Response to Staffing Solutions' motion to dismiss as they are not properly plead.

Contrary to Staffing Solutions' argument, Sharp is not necessarily required to show that the information in the consumer report was inaccurate. (Def.'s Mot. 5, ECF No. 61.) The

5

FCRA's "disclosure obligation[] . . . exist[s] to serve interests beyond the problem of inaccurate reports." *Robertson v. Allied Solutions*, 902 F.3d 690, 696 (7th Cir. 2018). For example, upon reviewing a consumer report's results, an applicant's ability to "provid[e] context [to the employer] may be more valuable than contesting accuracy." *Id.* at 697. Further, this right "may also enable [an individual] to advocate for it to be used fairly — such as by explaining why true but negative information is irrelevant to his fitness for the job." *Long v. Se. Pennsylvania Transportation Auth.*, 903 F.3d 312, 319 (3d Cir. 2018), *reh'g denied* (Oct. 5, 2018). Accordingly, Sharp satisfied the concreteness element of the injury-in-fact requirement of Article III by alleging that he was deprived of his statutory right under the FCRA to receive and review a copy of the consumer report used to determine his employment status with Technicolor and Staffing Solutions prior to his termination. (Third Am. Compl. ¶ 34-40, ECF No. 50.)

### III. CONCLUSION

For the foregoing reasons, Staffing Solutions' motion to dismiss Count 3 of Sharp's Third Amended Complaint is denied.

IT IS SO ORDERED this 10th day of January, 2019.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE